STATE OF MINNESOTA

IN SUPREME COURT

ADM10-8032

**ORDER PROMULGATING AMENDMENTS
TO THE RULES OF THE BOARD ON JUDICIAL STANDARDS**

The Minnesota Board on Judicial Standards filed a petition recommending amendments to the Rules of the Board on Judicial Standards. On October 28, 2015, the court opened a public comment period. Written comments were submitted by the Minnesota District Judges Association and a private practitioner. The court has considered the proposed amendments and the written comments.

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the Rules of the Board on Judicial Standards are amended as shown in the attachment to this order. The Rules as amended are prescribed and promulgated to be effective July 1, 2016. The Board shall make the Rules of the Board on Judicial Standards, as amended, publicly accessible on the Board's website.

Dated: February 24, 2016

BY THE COURT:

Lorie S. Gildea
Chief Justice

# AMENDMENTS TO THE RULES OF THE BOARD ON JUDICIAL STANDARDS

*In the following amendments, deletions are indicated by a line drawn through the words and additions by a line drawn under the words.*

## Rules of Board on Judicial Standards

### Table of Contents

\* \* \*

7.      [Deleted]Admonition Review Hearing

### DEFINITIONS

"**Board**" means the Minnesota Board on Judicial Standards.

\* \* \*

"**Complaint**" is ~~any communication, oral or written, made by judges, lawyers, court personnel or any member of the general public regarding the conduct of a judge~~information in any form from any source received by the board that alleges or from which a reasonable inference can be drawn that a judge committed misconduct or has a disability.

"**Deferred Disposition Agreement**" is an agreement between the judge and the board ~~or hearing panel~~for the judge to undergo treatment, participate in education programs, or take other corrective action, based upon misconduct or disability that can be addressed through treatment or a rehabilitation program.

\* \* \*

"**Evaluation**" is a prompt, ~~and~~discreet, and limited inquiry by the executive secretary into the facts and circumstances of any complaint or information that alleges conduct listed in Rule 4(a).

\* \* \*

"**Investigation**" is a full inquiry ~~by the executive secretary~~, with the authorization of the board, into the facts and circumstances of any complaint or information that alleges conduct listed in Rule 4(a).

1

**"Judge"** is any judge, including a full-time, part-time, or senior ~~and retired~~ judges, judicial officer, referee, magistrate, or other hearing officer employed in the judicial branch of the state of Minnesota, any judge of the Minnesota Tax Court, ~~or~~ any judge of the Workers' Compensation Court of Appeals, and the Chief Administrative Law Judge.

\* \* \*

**"Senior Judge"** is a "Retired Judge Subject to Recall" within the meaning of Part II, Application, Minnesota Code of Judicial Conduct.

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

## Rule 1. Organization of Board

**(a)** **Appointment of Members.** The Board on Judicial Standards shall consist of one judge of the Court of Appeals, three judges of district court, two lawyers who have practiced law in the state for at least ten years and four resident citizens of Minnesota who are not judges, retired judges or lawyers. ~~The executive secretary, who shall be an attorney licensed to practice law in Minnesota, with a minimum of fifteen years' experience in the practice of law, including any service as a judge, shall be appointed by the board.~~ All members shall be appointed by the governor with the advice and consent of the senate except that senate confirmation shall not be required for judicial members.

**(b)** **Term of Office.**
(1) The term of each member shall be four years with the term ending on the first Monday in January except as provided in Rule 1(b)(2(i).
(2) No member shall serve more than two full four-year terms ~~or their equivalent,~~ not to exceed eight years except as follows:
    (i) members may continue to serve until their successors are appointed and qualified but in no case later than July 1 in a year in which a term expires unless reappointed;
    (ii) if a member is appointed to fill an unexpired term that does not exceed two years, the member is eligible for appointment to two additional four-year terms.

**(c)** **Vacancy.**
(1) A vacancy on the board shall be deemed to occur:
    (i) When a member retires from the board; or
    (ii) When a judge who is a member of the board ceases to hold the judicial office held at the time of selection; or
    (iii) When a lawyer who is a member of the board ceases to be in good standing

2

to practice law in the courts of this state or is appointed or elected to a judicial office; or

(iv) When a laypublic member becomes a lawyer; or

(v) When a member is no longer a resident citizen of Minnesota.

(2) Vacancies shall be filled by selection of a successor in the same manner as required for the selection of the predecessor in office. A member selected to fill a vacancy shall hold office for the unexpired term of the predecessor. All vacancies on the board shall be filled within 90 days after the vacancy occurs.

(3) Members of the board may retire therefrom by submitting their resignation to the board, which shall certify the vacancy to the governor.

**(d)    Appointment and Performance Review of Executive Secretary.** The executive secretary, who shall be an attorney licensed to practice law in Minnesota, with a minimum of fifteen years' experience in the practice of law, including any service as a judge, shall be appointed by and serve at the pleasure of the board. The board shall annually conduct a performance review of the executive secretary.

**(e)    Duties and Responsibilities of Executive Secretary.** The executive secretary shall have duties and responsibilities prescribed by the board, including the authority to:

(1) Receive complaints and allegations as to misconduct or disability;

(2) Make preliminary evaluations;

(3) Conduct investigations of complaints as directed by the board;

(4) Recommend dispositions;

(5) Maintain the board's records;

(6) Maintain statistics concerning the operation of the board and make them available to the board and to the Supreme Court;

(7) Prepare the board's budget for approval by the board and administer its funds;

(8) Employ and supervise other members of the board's staff;

(9) Prepare an annual report of the board's activities for presentation to the board, to the Supreme Court and to the public;

(10) Employ, with the approval of the board, special counsel, private investigators or other experts as necessary to investigate and process matters before the board and before the Supreme Court. The use of the attorney general's staff prosecutors or law enforcement officers for this purpose is not allowed. The use of the director and staff of the Office of Lawyers Professional Responsibility for this purpose is allowed if the matter involves conduct of a judge, other than a Supreme Court Justice, that occurred prior to the judge assuming judicial office. IndividualsAttorneys employed or providing assistance under this section shall be deemed to be counsel to the Board on Judicial Standards for the purposes of these rules; and

(11) Issue informal advisory opinions to judges as delegated by the board.

3

(e)    Performance Review of Executive Secretary. The board shall annually conduct a performance review of the executive secretary.

**(f)    Quorum and Chairperson.**
(1) A quorum for the transaction of business by the board shall be six~~a majority of~~ the members of the board who are not recused.
(2) The board shall elect from its members a chairperson and vice-chairperson, each of whom shall serve a term of two years.  The vice-chairperson shall act as chairperson in the absence of the chairperson.

**(g)    Meetings of the Board.** Meetings of the board shall be held at the call of the chairperson, the vice-chairperson, the executive secretary or the written request of three members of the board.

\* \* \*

**(j)    ~~Code of Ethics~~Board Policies.**   The board may adopt policies consistent with these Rules governing the conduct of its business and performance of its duties.   The board shall maintain a Code of Ethics setting forth the ethical standards expected of board members in the performance of the board's responsibilities.

**(k)    Executive Committee.** The board's executive committee shall consist of the chair, vice-chair, and a third member elected by the board.  The executive committee shall include a judge, a public member, and a lawyer.  The executive committee shall act on behalf of the board between meetings within limits prescribed by the board.  The executive committee shall not have the authority to determine that there is reasonable cause to believe a judge has committed misconduct.

(Amended effective January 1, 1996; amended effective March 30, 1999; amended effective July 1, 2009; amended effective July 1, 2016.)

Advisory Committee Comment – 1999 Amendment
*Rule 1(d)(10) has been modified to allow the use of the director and staff of the Office of Lawyers Professional Responsibility to provide investigative and support services in situations involving conduct that occurred prior to a judge assuming judicial office.  Related changes grant the Lawyers Professional Responsibility Board jurisdiction to consider whether such conduct warrants lawyer discipline.  R.Bd.Jud.Std. 2; R.L.Prof.Resp. 6Z(a). It is contemplated that complaints about the conduct of a judge occurring prior to the judge assuming judicial office will be investigated in the first instance by the Office of Lawyers Professional Responsibility [R.Bd.Jud.Std. 6Z(b); R.L.Prof.Resp. 6Z(b)(2)], and the results would be disclosed to the Board on Judicial Standards. R.Bd.Jud.Std. 5(a)(4); R.L.Prof.Resp. 20(a)(10). This allows for efficient and effective use of investigative*

4

*resources by both disciplinary boards. Related changes also authorize the use of the hearing record, findings, and recommendations of the lawyer disciplinary process in the judicial disciplinary process. R.Bd.Jud.Std. 6Z(d); R.L.Prof.Resp. 6Z(b)(4).*

*Rule 1(d)(10) prohibits the use of the staff of the Office of Lawyers Professional Responsibility when the pre-bench conduct at issue involves a Supreme Court Justice because the office's director and staff are appointed and compensated by the Court. If such a case were to arise, it is contemplated that the Office of Lawyers Professional Responsibility would follow existing conflict procedures, which include assigning a former attorney or former board member to review and follow up on patently frivolous complaints and hiring outside counsel and investigators to handle other complaints. The prohibition against the use of office staff does not prohibit communication of confidential information between the two boards regarding matters involving the conduct of a justice occurring prior to assumption of judicial office.*

*Modifications to Rule 1(d)(10) also clarify that individuals employed or providing assistance to the executive secretary and the board are considered counsel to the board for purposes of these rules. This ensures, for example, that the immunity and privilege provisions under Rule 3 and the confidentiality and work product provisions under Rule 5 apply to these individuals when they are assisting the executive secretary and the board.*

## Rule 2. Jurisdiction and Powers of Board

### (a) Powers of the Board.

**(1) Disposition of Complaints.** The board shall have the power to receive complaints, investigate, ~~conduct hearings,~~ make certain ~~summary~~ dispositions, and make recommendations to the Supreme Court concerning:

(i) Allegations of judicial misconduct;

(ii) Allegations of physical or mental disability of judges; and

(iii) Matters of voluntary retirement for disability;~~ and~~

~~(iv)Review of a judge's compliance with Minnesota Statutes, section 546.27.~~

**(2) Advisory Opinions.** The board, and as delegated by the board, the executive secretary, may issue advisory opinions on proper judicial conduct with respect to the provisions of the Code of Judicial Conduct. An advisory opinion may be requested by a judge or a candidate for judicial office.

(i) A request that the board issue ~~for~~ an individual written advisory opinion shall relate to prospective conduct only, and shall be submitted in writing and contain a complete statement of all facts pertaining to the intended conduct and a clear, concise question of judicial ethics. The board shall issue a written opinion within 30 days after receipt of the written request, unless the time period is extended by the board.

5

(ii)    The board may issue opinions of general applicability.

(iii)    The executive secretary may provide informal opinions to judges.

(iv)    The board and the Office of Lawyers Professional Responsibility may disclose to each other confidential information concerning opinion requests in order to promote consistency in their opinions.

(v)    The fact that the judge or judicial candidate requested and relied on an advisory opinion shall be taken into account in any subsequent disciplinary proceedings. The advisory opinion shall not be binding on the hearing panel or the Supreme Court in the exercise of their judicial-discipline responsibilities.

\* \* \*

**(e)    Subpoenas and Depositions During Investigation.**

**(1)  Subpoenas and Depositions Limited.** Subpoenas and ~~D~~depositions during the board's investigation shall not be allowed, ~~provided that, for good cause shown, a deposition may be taken of a witness living outside the state or physically unable to attend the hearing~~except as provided in this Rule. Subpoenas and depositions in panel proceedings are governed by Rules 7(b) and 9(b).

**(2)  Subpoenas for Investigation.** During the investigative stage of a proceeding, prior to a finding of reasonable cause to proceed, ~~and subject to the limitations of Rule 2(e)(1): (i)    Upon resolution of the board,~~ the executive secretary may make application to the board to authorize ~~for~~ the issuance of a subpoena compelling any person, including a judge, to attend and give testimony, and to produce documents, books, accounts and other records. ~~Such subpoena shall issue upon a showing that the information sought appears reasonably calculated to lead to the discovery of admissible evidence.~~ The board may authorize the subpoena upon a finding that the information sought appears reasonably calculated to lead to the discovery of evidence of possible misconduct by a judge or the absence of such misconduct. ~~(ii) Failure or refusal of a judge who is the subject of information to cooperate or the intentional misrepresentation of a material fact by the judge shall constitute conduct prejudicial to the administration of justice and may provide reasonable cause for the board to proceed under Rule 2(e)(3).~~

~~(3) Subpoenas for Hearing. At all other stages of the proceeding following a finding of reasonable cause to proceed, and subject to the limitations of Rule 2(e)(1), both the board and the judge being investigated shall be entitled to compel, by subpoena, attendance and testimony of witnesses, including the judge as a witness, and the inspection of documents, books, accounts, and other records.~~

**(3)  Issuing Subpoenas.** The District Court of Ramsey County shall issue subpoenas upon presentation of a resolution of the board.

6

**(4) Motions.** ~~Prior to the appointment of a hearing panel pursuant to Rule 8(b), t~~The District Court of Ramsey County shall have jurisdiction over motions arising from Rule 2(e) ~~requests~~subpoenas and depositions. ~~Following the appointment of a panel, the presider of the panel before whom the matter is pending shall have jurisdiction over motions arising from Rule 2(e) requests and shall have all the powers of a district court judge. Any resulting decision or order of the presider of the panel or the District Court of Ramsey County may not be appealed before entry of the final order in the disciplinary proceeding.~~ The judge shall be denominated by number or randomly selected initials in any District Court proceedings. Any resulting order of the District Court may not be appealed before entry of the hearing panel's disposition in accordance with Rule 11.

**(f)     Cooperation.** A judge who is the subject of investigation or a disciplinary proceeding shall comply with the board's reasonable requests to furnish a full and complete explanation covering the matter under consideration and to appear for conferences. A judge who is the subject of disciplinary action under these rules shall comply with the terms and conditions of any order or disposition imposing discipline.

**(g)     Impeachment.** Nothing in these rules shall affect the impeachment of judges under the Minnesota Constitution, Article 8.

(Amended effective January 1, 1996; amended effective March 30, 1999; amended effective July 1, 2009; amended effective July 1, 2016.)

*~~Advisory Committee Comment—1999 Amendment~~*
*~~Rule 2(a) has been amended to recognize that the board may make certain summary dispositions. These dispositions include proposed public reprimands under Rule 6(d)(1)(ii), which are subject to a judge's right to demand a formal hearing before the reprimand is made public, and nonpublic warnings, conditions, counseling, treatment, and assistance directed by the board under Rule 6(f).~~*
*~~Rule 2(b) has been modified to permit the Lawyers Professional Responsibility Board to also exercise jurisdiction to consider whether discipline as a lawyer is warranted in matters involving conduct of any judge occurring prior to the assumption of judicial office. As set forth in the definition section of these rules, the term "judge" includes any judge, judicial officer, referee, or other hearing officer employed in the judicial branch, and any judge of the Minnesota Tax Court or Worker's Compensation Court of Appeals. See Minnesota Statutes, sections 490.15-.18; 175A.01, subdivision 4; 271.01 (1998). The procedure to be followed in situations involving pre-bench conduct is set forth in Rule 6Z of these rules.~~*

**Rule 3. Immunity; Privilege**

Information submitted to the board or its staff and testimony given in the proceedings under these rules shall be absolutely privileged, and no civil action predicated thereon may be instituted against the complainant or witness, or their counsel. Members of the board, referees, board counsel, mentors appointed by the board, hearing panel members, a designee appointed by the Supreme Court under Rule 16(d)(4), and staff shall be absolutely immune from suit for all conduct in the course of their official duties.

(Amended effective January 1, 1996; amended effective July 1, 2016.)

**Rule 4. Grounds for Discipline or Other Action**

(a) **Grounds for Discipline or Other Action Shall Include:**

(1) Conviction of a crime punishable as a felony under state or federal law or any crime involving moral turpitude;

(2) A persistent failure to perform judicial duties;

(3) Pattern of incompetence in the performance of judicial duties;

(4) Habitual intemperance;

(5) Conduct prejudicial to the administration of justice that brings the judicial office into disrepute, including, but not limited to, discrimination against or harassment of persons on the basis of race, color, creed, religion, national origin, sex, marital status, sexual preference, disability or age;

(6) Conduct that constitutes a violation of the Code of Judicial Conduct or Rules of Professional Conduct~~Professional Responsibility~~;

(7) Disability.

(b) ~~Disposition of Criminal Charges~~Criminal Conviction or Acquittal. A judge's criminal conviction in any American jurisdiction, even if upon a plea of nolo contendere or subject to appellate review, is, in proceedings under these Rules, conclusive evidence that the judge committed the conduct for which the judge was convicted. The same is true of a conviction in a foreign country if the facts and circumstances surrounding the conviction indicate that the judge was accorded fundamental fairness and due process. An ~~conviction,~~acquittal~~,~~ or other disposition of any criminal charge filed against a judge shall not preclude action by the board with respect to the conduct upon which the charge was based.

(c) **Proceedings Not Substitute for Appeal.** ~~In the absence of fraud, corrupt motive, or bad faith, t~~The board shall not take action against a judge for making findings of fact, reaching a legal conclusion, or applying the law as understood by the judge unless the judge acts contrary to clear and determined law and the error is egregious, made in bad faith, or made as part of a pattern or practice of legal error. Claims of error shall otherwise be left to the appellate process.

8

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

Advisory Committee Comment—2009 Amendment
*Retaliatory behavior by the judge related to a complaint may be grounds for discipline under the Code of Judicial Conduct or Professional Responsibility. See, e.g., Inquiry into the Conduct of Murphy, 737 N.W.2d 355, 360 (Minn.2007).*

## Rule 5. Confidentiality

**(a)    Before Formal Complaint and Response.** Except as otherwise provided in this rule or Rule 16(f), all proceedings shall be confidential until the Formal Complaint or Formal Statement of Disability Proceeding and response, if any, have been filed with the Supreme Court pursuant to Rule 8. The board shall establish procedures for enforcing the confidentiality provided by this rule.

(1) If at any time the board issues a public reprimand, such action shall be a matter of public record.

(2) If the board issues a private admonition or a dismissal with a letter of caution or enters into a deferred disposition agreement, this action may be disclosed to the chief justice, chief judge, and/or district administrator of the judicial district in which the judge sits. Such disclosure is at the discretion of the board and shall be for the purpose of monitoring future conduct of the judge and for assistance to the judge in modifying the judge's conduct. To the extent that any information is disclosed by the board pursuant to this provision, the chief justice, chief judge and/or district administrator shall maintain the confidentiality of the information in accordance with Rule 5.

(3) Information may be disclosed between the Board on Judicial Standards or executive secretary and the Office of Lawyers Professional Responsibility Board or the director in furtherance of their duties to investigate and consider conduct that occurred prior to a judge assuming judicial office.

\* \* \*

**(e) Public Statements by Board.**

(1) In any case in which the subject matter becomes public through independent sources or through a waiver of confidentiality by the judge, the board may issue statements as it deems appropriate in order to confirm the pendency of the investigation, to clarify the procedural aspects of the disciplinary proceedings, to explain the right of the judge to a fair hearing without prejudgment and to state that the judge denies or admits the allegations. The statement shall be first submitted to the judge involved for comments and criticisms prior to its release, but the board in its discretion may release the statement as originally prepared.

(2) The board may disclose that a matter is not being investigated. If an the inquiry

9

was initiated as a result of notoriety or because of conduct that is a matter of public record, or if a complaint filed with the board has become publicly known, information concerning the lack of cause to proceed may be released by the board. If the inquiry was initiated after the statutory filing period for judicial office has opened, the board may issue a public statement as deemed appropriate pursuant to Rule 6(e).

(3) The board may make such disclosures as it deems appropriate whenever the board has determined that there is a need to notify another person or agency in order to protect the public or the administration of justice.

**(f) Disclosure in Event of Application to the Governor for Disability Retirement.** The board may disclose to the governor information about the existence, status, and nature of pending complaints, complaints resulting in action of the board pursuant to Rule 6(f)(5), and complaints resulting in a private warning or imposition of conditions prior to August 1, 2009 regarding judges who have applied to the governor for disability retirement as provided in Rule 18~~20~~.

**(g) Disclosure for Judicial Selection, Appointment, Election, or Assignment.** When any state or federal agency seeks material in connection with the selection or appointment of judges or the assignment of a retired judge to judicial duties, the board may release information from its files only: (1) if the judge in question agrees to such dissemination; and (2) if the file reflects a pending complaint, ~~some~~ action of the board pursuant to Rule 6(f)(5), or a private warning or imposition of conditions prior to August 1, 2009. If the board action was taken on or after January 1, 1996, such information may also be released if a judge is involved in a contested election, subject to the same restrictions.

**(h) Disclosure to Judge.** The judge who is the subject of a complaint shall, upon request, have access to the file relative to the complaint at any stage of the proceedings, including witness statements and notes of witness interviews. ~~Except as provided in the first sentence,~~ The following shall not be required to be disclosed: (1) communications between the executive secretary and board members and/or board counsel and communications between board members in furtherance of their duties and (2) the work product of the executive secretary, board members, and board counsel, including their notes, and the records of the board's and hearing panel's deliberations ~~shall not be required to be disclosed~~.

**(i) Waiver of Confidentiality.** A respondent judge may waive confidentiality at any time ~~during the proceedings~~.

**(j) Senior Judges.** If the board receives credible information that a senior judge has engaged in conduct in violation of the Code of Judicial Conduct, the board may notify the chief justice, a chief judge, and the state court administrator.

**(k) Mentors.** If the board appoints a mentor for the judge, the board may disclose information to the mentor and may disclose information concerning the mentorship to the chief justice and a chief judge. If a mentor is appointed in connection with a judge's public discipline, the board may publicly disclose the identity of the mentor.

(Amended effective January 1, 1996; amended effective March 30, 1999; amended effective July 1, 2009; amended effective July 1, 2016.)

~~Advisory Committee Comment—1999 Amendment~~
~~Rule 5(a) has been modified by the addition of clause (4) to permit the exchange of information between the two disciplinary boards and their staff in situations involving conduct of a judge that occurred prior to the judge assuming judicial office. See also R.L.Prof.Resp. 20(a)(10). Both the Board on Judicial Standards and the Lawyers Professional Responsibility Board have jurisdiction in such cases. R.Bd.Jud.Std. 2(b); R.L.Prof.Resp.6Z.~~

**Rule 6. Screening and Investigation**

(a) **Initiation of Inquiry.** An inquiry may be initiated as follows:

(1) An inquiry relating to conduct of a judge may be initiated upon a complaint.

(2) The board may on its own motion make an inquiry into the conduct ~~or physical or mental condition~~ of a judge.

(3) Upon request of the Chief Justice of the Supreme Court, the board shall make an inquiry into the conduct ~~or physical or mental condition~~ of a judge.

(4) An inquiry relating to the physical or mental condition of a judge may be initiated pursuant to Rule 16.

(b) **Screening.** The executive secretary shall review the complaint or information received by the board. ~~resulting in the initiation of an inquiry. If the matters alleged in the complaint or information would not constitute misconduct or disability if true,~~ If the complaint or information does not contain a basis for a reasonable belief that a judge may have engaged in misconduct or may have a disability, the executive secretary shall dismiss the complaint or end the inquiry, subject to review and approval by a board member as assigned by the chair, or, if appropriate, refer the matter to another agency or court. ~~If the matters alleged in the complaint or information would constitute judicial misconduct or disability if true, the executive secretary shall conduct a preliminary evaluation.~~

(c) **Evaluation.** ~~If after screening, the executive secretary determines the complaint raises allegations as to conduct that might constitute grounds for discipline or other action,~~ Upon a reasonable belief that a judge may have engaged in misconduct or may have a disability, the executive secretary shall conduct an ~~prompt, discreet and confidential~~

evaluation. The results of all evaluations shall be routinely submitted to the board.

**(d)    Investigation; Notice.**
(1) Upon review of the preliminary evaluation, or on its own motion, the board may, by resolution:

    (i)     stay proceedings pending action by another agency or court;

    (ii)    dismiss the complaint or end the inquiry; or

    (iii)   authorize an investigation.

(2) Within ten (10) business days after an investigation has been authorized by the board, the executive secretary shall give the following notice to the judge whose conduct is being investigated:

    (i)     a specific statement of the allegations and possible violations of the Code of Judicial Conduct being investigated, including notice that the investigation can be expanded if appropriate;

    (ii)    the judge's duty to respond under Rule 6(d)(5);

    (iii)   the judge's opportunity to appear before the board or panel of the board under Rule 6(d)(6); and

    (iv)   the name of the complainant or informant, unless the board determines there is good cause to withhold that information.

Except as provided in clause (3), the executive secretary shall not commence an formal investigation until such notice is sent to the judge.

(3) The board may defer notice for specific reasons, but when notice is deferred, the executive secretary shall give notice to the judge before making a recommendation as to discipline.

(4) Notice shall be sent immediately upon request of the judge whose conduct or physical or mental condition is the subject of the inquiry if the inquiry has been made public.

(5) Upon request of the executive secretary, the judge shall file a written response within thirty (30) days after service of the notice under Rule 6(d)(2).

(6) Before the board determines its disposition of the inquiry, either the board or the judge may request that the judge appear before the board or a panel of the board to respond to questions. The appearance shall be granted. If the board requests the judge's appearance, the executive secretary shall give the judge 20 days' notice. The board may require that the judge's and the testimony shall be sworn.

\* \* \*

**(f)    Disposition After Investigation.**
(1) Upon conclusion of an investigation or determination by another agency or court, the executive secretary may recommend disposition to the board.

(2) The board shall review the results of the investigation or determination by another agency or court and the recommendations of the executive secretary and determine whether there is reasonable cause to believe the judge committed

12

misconduct.

(3) A finding of reasonable cause shall require the concurrence of a majority of the non-recused members of the ~~full~~ board.

(4) Upon determination that there is not reasonable cause to believe the judge committed misconduct, the board shall dismiss the complaint or end the inquiry. Upon dismissal or termination of the inquiry, the board may issue a letter of caution that addresses the judge's conduct.

(5) If the board finds there is reasonable cause to believe the judge committed misconduct, it may:

    (i)    enter into a deferred disposition agreement for a period of time, and the agreement may specify the disposition upon completion;

    (ii)    if the misconduct appears to be of an isolated and non-serious nature, issue a private admonition, which may include conditions;

    (iii)    issue a public reprimand, which may include conditions; or

    (iv)    issue a Formal Complaint.

(6) Prior to issuance of a private admonition, the board shall serve the judge with a copy of the proposed private admonition and a notice stating that within ~~20~~14 days after service of the proposed private admonition, the judge may serve the board with either a written demand for a private hearing in accordance with Rule 7 ~~before the board,~~ or the written comments and criticisms of the judge regarding the proposed admonition. ~~If the judge makes a timely demand for a private hearing, the board shall comply.~~ If no timely demand for a hearing is made, the board may consider the comments and criticisms, if any, but may in its discretion ~~release~~issue the private admonition as originally prepared.

(7) Prior to issuance of a public reprimand, the board shall serve the judge with a copy of the proposed reprimand and a notice stating that within ~~20~~14 days of service of the proposed reprimand, the judge may serve the board with either a written demand for a formal hearing as provided in Rule 8, or the written comments and criticisms of the judge regarding the proposed reprimand. If the judge makes a timely demand for a formal hearing, the board shall comply with Rule 8. If no timely demand for a hearing is made, the board may consider the comments and criticisms, if any, but may in its discretion issue~~release~~ the reprimand as originally prepared.

(8) After the board has determined to issue a Formal Complaint, the judge shall be given the opportunity to meet with a representative of the board, but the board is not required to delay filing the Formal Complaint.

(9) The board shall notify the judge of its action and shall disclose the names of the board members who did not participate in the action.

\* \* \*

**(h) Access to Transcripts and Recordings.** Upon request by the board, the judge shall order and provide a transcript of the portions of hearings requested by the board. *See*

Minn. Stat. § 486.06. Notwithstanding Rule 4, subdivision 3 of the Rules of Public Access to Records of the Judicial Branch, the board may also obtain audio recordings of court proceedings.

(Amended effective January 1, 1996; amended effective March 30, 1999; amended effective July 1, 2009; amended effective July 1, 2016.)

Advisory Committee Comment—1999 Amendment

*The change in Rule 6(d)(1)(i) recognizes that the Board on Judicial Standards may proceed directly to issuance of a formal complaint under Rule 8 when there has been a related public proceeding before the Lawyers Professional Responsibility Board involving conduct of a judge that occurred prior to the judge assuming judicial office. In these circumstances the procedure under Rule 7 may only serve to delay the disciplinary process.*

*Modifications to Rule 6(d)(1)(ii) allow the board to submit a proposed public reprimand to the judge for conduct that is unacceptable but not so serious as to warrant further discipline, e.g., a censure, by the Supreme Court. Disciplinary bodies in other jurisdictions have similar authority. See, e.g., Rule 6(g)(1), Rules of Procedure for the Arizona Commission on Judicial Conduct; Rules of the Georgia Judicial Qualifications Commission, Definition (e). The change is intended to provide the board with guidance regarding when it is appropriate to proceed directly to a proposed reprimand (which is subject to a judge's right to demand a formal hearing before the reprimand is made public) in lieu of formal charges under Rules 7 and 8.*

Advisory Committee Comment—2009 Amendment

*Rule 6(d)(1)(i) allows the board to stay proceedings pending action by another agency or court. Such proceedings include criminal prosecution, civil litigation, and administrative action by regulatory agencies.*

## Rule 6Z. Procedure for Conduct Occurring Prior to Assumption of Judicial Office

\* \* \*

Advisory Committee Comment—1999 Amendment

*Rule 6Z outlines the process for handling complaints concerning conduct by a judge before assuming judicial office. Related changes grant the Lawyers Professional Responsibility Board jurisdiction to consider whether such conduct warrants lawyer discipline, while the Board on Judicial Standards retains jurisdiction to consider whether the same conduct warrants judicial discipline. R.Bd.Jud.Std. 2; R.L.Prof.Resp. 6Z(a).*

*The provisions of Rule 6Z(a)-(d) are repeated in R.L.Prof.Resp. 6Z(b)(1)-(4). The committee felt that repetition of the significant procedural provisions was more convenient and appropriate than a cross-reference.*

*Rule 6Z(a) requires the staff of the Lawyers Professional Responsibility Board and the Judicial Standards Board to notify each other about complaints concerning conduct by a judge occurring before the judge assumed judicial office. Notice is not required if all proceedings relating to the inquiry, investigation or complaint have been resolved before the judge assumed judicial office.*

*Rule 6Z(a) neither increases nor decreases the authority of the executive secretary or Office of Lawyers Professional Responsibility to investigate or act on any matter. That authority is governed by other rules. Rule 6Z(a) merely establishes a mutual duty to provide notice about complaints or inquiries concerning conduct of a judge occurring before the judge assumed judicial office.*

*Although a fair number of complaints received by the executive secretary and the Office of Professional Responsibility are frivolous, there have been relatively few complaints concerning conduct occurring prior to a judge assuming judicial office. Thus, the committee believes that this procedure will not result in a needless duplication of efforts.*

*Under Rule 6Z(b) it is contemplated that complaints about the conduct of a judge occurring prior to the judge assuming judicial office will be investigated in the first instance by the Office of Lawyers Professional Responsibility, and the results would be disclosed to the Board on Judicial Standards. d.Jud.Std. 5(a)(4); R.L.Prof.Resp. 20(a)(10). This allows for efficient and effective use of investigative resources by both disciplinary boards.*

*Rule 6Z(c) authorizes the Board on Judicial Standards to proceed directly to issuance of a formal complaint under Rule 8 when there has been a related public proceeding under the Rules on Lawyers Professional Responsibility involving conduct of a judge that occurred prior to the judge assuming judicial office. In these circumstances the procedure under Rule 7 may only serve to delay the disciplinary process.*

*Rule 6Z(c) does not prohibit the Board on Judicial Standards from proceeding to public disciplinary proceedings in cases in which only private discipline (e.g., an admonition) has been imposed under the Rules on Lawyers Professional Responsibility for conduct of a judge occurring prior to the judge assuming judicial office. In these cases, the Board on Judicial Standards would be required to follow Rule 7 (unless, of course, the matter is resolved earlier, for example, by dismissal or public reprimand).*

*Rule 6Z(d) authorizes the use of the hearing record and the findings and recommendations of the lawyer disciplinary process in the judicial disciplinary process. This is intended to streamline the judicial disciplinary hearing when there has already been a formal fact finding hearing in the lawyer disciplinary process, and permits the Supreme Court to rule on both disciplinary matters as quickly as possible.*

15

*Under Rule 6Z(d) it is contemplated that the hearing record and the findings and conclusions of the lawyer disciplinary process will be the first evidence introduced in the Rule 10 judicial disciplinary hearing. Counsel for the board and the judge may be permitted to introduce additional evidence relevant to alleged Code of Judicial Conduct violations at the hearing. Counsel must be aware that there may be situations in which the introduction of additional evidence will not be permitted. See, e.g., In re Gillard, 260 N.W.2d 562, 564 (Minn. 1977) (after review of hearing record and findings and conclusions from lawyer disciplinary process, Supreme Court ruled that findings would not be subject to collateral attack in the related judicial disciplinary proceeding and that additional evidence may be introduced only as a result of a stipulation or order of the fact finder); In re Gillard, 271 N.W.2d 785, 809 (Minn. 1978) (upholding removal and disbarment where Board on Judicial Standards as fact finder refused to consider additional testimony but allowed filing of deposition and exhibits and made alternative findings based on those filings). Although the rules do not expressly provide for a pre-hearing conference, it is contemplated that admissibility issues will be resolved by the presider of the fact finding panel sufficiently in advance of the hearing to allow the parties adequate time to prepare for the hearing.*

**Rule 7. [Deleted effective July 1, 2009.]**

## Rule 7. Admonition Review Hearing.

**(a) Hearing Panel.** If a judge makes a timely demand for a private hearing as provided in Rule 6(f)(6), the board shall ask the Chief Justice of the Supreme Court to appoint a panel as provided in Rule 8(b). The judge shall be identified by number or randomly selected initials in the proceeding. The board shall notify the complainant, if any, of the judge's demand for a hearing.

**(b) Panel Procedures.** The procedures in Rule 9 and Rule 10(a) and (b) shall apply to an admonition review hearing except that the hearing shall be confidential and Rule 9(b) shall apply only to the extent permitted by this Rule. Depositions shall not be allowed, provided that the panel presider, for good cause shown, may authorize a subpoena and deposition of a witness living outside the state or physically unable to attend the hearing. The panel shall review the proposed admonition de novo.

**(c) Form of Evidence at Admonition Review Hearing.** The panel shall receive evidence only in the form of affidavits or other documents except for testimony by:
   (1) The judge;
   (2) A witness whose testimony the review panel presider authorizes for good cause. If testimony is authorized, the presider may authorize the issuance of a subpoena under Rule 9(b).

16

**(d) Disposition.** The panel shall make written findings and conclusions. If the panel finds that any alleged violation is supported by clear and convincing evidence, the panel may affirm the admonition or, if the panel finds that the judge's misconduct warrants public discipline, the panel may recommend that the board issue a public reprimand or a Formal Complaint. If the board does not accept a panel's recommendation to issue a public reprimand or a Formal Complaint, the admonition reviewed by the panel shall become final. The panel shall dismiss the complaint if there is not clear and convincing evidence supporting the violation(s) alleged in the admonition.

**(e) Review by Supreme Court.** The judge may petition the Minnesota Supreme Court to review a panel's affirmance of an admonition by filing a petition with the clerk of the appellate courts in accordance with Rule 117, subdivision 3 of the Rules of Civil Appellate Procedure within 30 days of being served with the review panel's decision. The judge shall be identified by number or randomly selected initials in the proceeding. The board may respond in accordance with Rule 117, subdivision 4 of the Rules of Civil Appellate Procedure. If review is granted, the matter shall proceed under Rule 14 of these Rules.

(Added effective July 1, 2016.)

## Rule 8. Formal Complaint or Formal Statement of Disability Proceeding and Notice
    **(a)    Formal Complaint or Formal Statement of Disability Proceeding.**
        (1) The Formal Complaint or Formal Statement of Disability Proceeding shall set forth the charges against the judge, the factual allegations and the time within which these rules require the judge to serve a written response. Where more than one act of misconduct is alleged, each shall be clearly set forth.
        (2) The judge shall be served promptly with a copy of the Formal Complaint or Formal Statement of Disability Proceeding. Service shall be accomplished by admission of service or certified mail, or in accordance with the Rules of Civil Procedure.
        (3) The judge shall serve a written response on the board within 20 days after service of the Formal Complaint or Formal Statement of Disability Proceeding.
        (4) The executive secretary shall file the Formal Complaint or Formal Statement of Disability Proceeding and the written response, if any, with the Supreme Court, within 30 days of service of the Formal Complaint or Formal Statement of Disability Proceeding unless the matter is resolved. The filing time may be extended by agreement of the board and the judge.

\* \* \*

**(c) Notice of Hearing.**

(1) The hearing panel shall schedule a public hearing. The date shall be selected to afford the judge ample time to prepare for the hearing, but shall not be later than 90 days after the filing of the Formal Complaint or Formal Statement of Disability Proceeding with the Supreme Court. The judge and all counsel shall be notified of the time and place of the hearing.

(2) If the presider allows the amendment of the Formal Complaint or Formal Statement of Disability Proceeding, or in compelling~~In extraordinary~~ circumstances, the hearing panel shall have the authority to extend the hearing date as it deems proper.

**(d) Disclosure in Public Proceedings.** Notwithstanding Rule 5, in a public reprimand, a Formal Complaint, and in proceedings before a panel under this rule or Rule 7, the board may disclose private discipline previously imposed on the judge.

**(e) Failure to Answer/Failure to Appear.** A judge's failure to answer the Formal Complaint or failure to attend the panel hearing, unless excused by the presider for good cause shown, shall constitute an admission of the factual allegations of the Formal Complaint.

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

**Rule 9. Discovery**

**(a)** **Initial Disclosures**~~Witnesses; Depositions~~. Within 20 days after the service of a response, ~~or after the expiration of the time for service of a response, whichever occurs first,~~ counsel for the board and the judge shall exchange the names and addresses of all persons known to have knowledge of the relevant facts. The presider of the ~~hearing~~ panel shall set a date for the exchange of the names and addresses of all witnesses the parties intend to call at the hearing. ~~Subpoenas and depositions shall be governed by Rule 2(e).~~

**(b)** **Subpoenas and Depositions.** Subpoenas for inspection of documents, depositions, and the hearing may be issued only with the prior approval of the presider. Counsel for the board may take the deposition of the judge. The board and the judge may apply to the presider to take the deposition of witnesses who are unavailable to testify at the hearing. Depositions of other persons may be taken only if the presider finds that the party's need for the deposition outweighs the burdens placed on the deponent and on the other party and does not significantly delay the proceedings. The presider shall issue a protective order in accordance with Rule 26.03, Rules of Civil Procedure, when necessary to reduce the burdens on a deponent. Subpoenas shall be issued by the Ramsey County District Court upon presentation of the presider's authorization for the subpoena.

**(c)** **Other Evidence.** Counsel for the board and the judge shall exchange:

18

(1) non-privileged evidence relevant to the Formal Complaint, documents to be presented at the hearing, witness statements, and summaries of interviews with witnesses who will be called at the hearing; and

(2) other material only upon good cause shown to the presider ~~of the panel~~.

This rule shall not limit the judge's access to the file under Rule 5(h). Upon request by the board or the judge and for good cause shown, t~~T~~he presider may authorize service of interrogatories and requests for production of documents and may direct the judge to sign authorizations for release of information ~~upon request by the board or the judge~~.

\* \* \*

(f) **Completion of Discovery.** All discovery shall be completed within 60 days of the service of the response or the expiration of the time for service of the response, whichever occurs first unless upon a showing of good cause, the presider extends the time.

(g) **Failure to Disclose.** The presider ~~of the hearing panel~~ may preclude either party from calling a witness at the hearing if the party has not provided the opposing party with the witness' name and address, any statements taken from the witness or summaries of any interviews with the witness.

(h) **Resolution of Disputes.** Disputes concerning discovery, including subpoenas and depositions, shall be determined by the presider of the hearing panel before whom the matter is pending. The decisions of the presider may not be appealed before entry of the panel's disposition in the disciplinary proceeding.

(i) **Civil Rules Not Applicable.** Proceedings under these rules are not subject to the Rules of Civil Procedure regarding discovery except that Rules 26.03, 30.02-.07, 32.04-.05, and 37.04 are applicable to the extent that they are consistent with these rules.

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

## Rule 10. Public Hearing

\* \* \*

(c) **Amendments.** By leave of the presider of the panel for good cause shown or by consent of the judge, the Formal Complaint or Formal Statement of Disability Proceeding may be amended after commencement of the hearing if the judge and the judge's counsel are given adequate time to prepare a response. Leave to amend shall be freely granted when justice so requires.

19

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

**Rule 11. Findings, Disposition, and Appeal**

    **(a)** **Findings.** The hearing panel shall make findings of fact and conclusions of law as to whether there is clear and convincing evidence that the judge committed misconduct under the grounds for discipline in Rule 4. <u>The panel shall file its findings and conclusions within 60 days after the case is submitted to the panel unless the Chief Justice, on request of the presider, extends the time for good cause shown.</u> If the panel finds there is not clear and convincing evidence, the panel shall dismiss the case. If the panel finds there is clear and convincing evidence, the panel shall impose or recommend sanctions under Rule 11(b).

    **(b)** **Disposition.** If the ~~hearing~~ panel finds clear and convincing evidence of misconduct, the panel may:

        ~~(1) enter into a deferred disposition agreement for a specified period of time upon reasonable conditions, and the agreement may specify the disposition upon completion;~~

    (1) issue a public reprimand; or

    (2) recommend any of the following sanctions to the Supreme Court:
        (i)     Removal;
        (ii)    Retirement;
        (iii)   Imposing discipline as an attorney;
        (iv)   Imposing limitations or conditions on the performance of judicial duties;
        (v)     Censure;
        (vi)    Imposing a civil penalty;
        (vii)   Suspension with or without pay; or
        (viii)  Any combination of the above sanctions.

    **(c)** **Filing and Service.** The ~~hearing~~ panel must file its findings of fact, conclusions of law, and disposition with the Supreme Court within 7 days after issuance of the disposition. The panel shall serve copies on the board and respondent judge. Proof of service shall also be filed with the Supreme Court.

    **(d)** **Appeal.** The board or judge may appeal the disposition of the ~~hearing~~ panel <u>by filing a notice of appeal with the clerk of the appellate courts within 10 days after the panel serves the disposition on the parties.</u> The appeal shall proceed under Rule 14. ~~The disposition of the panel becomes final if no appeal is taken within 60 days after issuance of the disposition.~~ If the panel determines it is appropriate to issue a public reprimand, the reprimand shall be stayed until the time for appeal has run or any appeal is completed. <u>If there is no appeal from a dismissal or reprimand, the disposition of the panel becomes final.</u>

A party's failure to timely appeal a panel's findings, conclusions, and/or recommendation for discipline constitutes acceptance thereof. A party seeking to challenge a finding of fact or conclusion by the panel shall order a transcript if a transcript has not already been prepared.

(Amended effective January 1, 1996; amended effective March 30, 1999; amended effective July 1, 2009; amended effective July 1, 2016.)

Advisory Committee Comment—1999 Amendment
*Rule 11(d)(5) has been modified by deleting reprimand from the list of sanctions that may be issued after a formal hearing. Under Rule 6(d)(1)(ii), a reprimand may be issued by the board without resort to formal proceedings in situations involving conduct that is unacceptable under one of the grounds for judicial discipline but not so serious as to warrant further discipline, such as a censure, by the Supreme Court.*

\* \* \*

## Rule 13. Disposition by Consent

(a) **Agreement.** At any time after issuance of the Formal Complaint or Formal Statement of Disability Proceeding and before conclusion of any hearing panel proceedings under Rules 10, 11, and 16, the judge and the board may enter into an agreement in which the judge admits to any or all of the charges or allegations of disability in exchange for a stated disposition or recommended disposition. Entry into the agreement shall stay the proceedings of thea panel. The agreement shall set forth:
  (1) a statement of the facts;
  (2) the allegations to which the judge is admitting; and
  (3) the agreed-upon disposition.

(b) **Disposition.** If the agreed-upon disposition is one the board is authorized to impose under Rule 6(f)(4) or (5), proceedings before the hearing panel shall terminate, and the board shall impose the disposition. If the agreed-upon disposition is one the board is not authorized to impose under Rule 6(f)(4), the agreement shall be submitted to the Supreme Court. The Court shall either enter an order implementing or rejecting the agreement. If the stated disposition is rejected by the Supreme Court, the agreement may be withdrawn but the facts admitted to in the agreement can be used against the judge in such further proceedings as the Court may direct.

(Added effective July 1, 2009; amended effective July 1, 2016.)

21

## Rule 14. Supreme Court Review

    **(a)    Prompt Consideration.** Upon the filing of a recommendation for discipline or disability retirement, the Court shall promptly docket the matter for expedited consideration, but not sooner than the end of the time allowed for appeal of the panel's disposition by the board or judge. ~~If the board or judge appeals the disposition of the hearing panel, the Court shall consider the recommended disposition under Rule 11(b)(3) or Rule 16(f)(1)(ii) at the same time as any appeal regarding those recommendations.~~

    **(b)    Briefs.** ~~The board shall, and the judge may, file briefs with the Court in accordance with the requirements of Minn. R. Civ. App. P. 128. Any party seeking to challenge a finding of fact by the panel shall order a transcript.~~Briefs shall be filed with the Court in accordance with Minn. R. Civ. App. P. 128 and 130-132 except as modified in this rule. Unless the Court otherwise orders,

        (1) If one party has appealed, the appellant shall file a brief within 21 days after filing the notice of appeal, the respondent shall file a brief within 21 days after service of appellant's brief, and the appellant may file a reply within 10 days after service of respondent's brief.

        (2) If both parties have appealed, the appellant shall file a brief within 21 days after filing the notice of appeal, the respondent/cross-appellant shall file a brief within 21 days after service of appellant's brief, the appellant shall file a response and reply brief within 14 days after service of respondent's brief, and the respondent may file a reply within 10 days after service of the appellant's response and reply brief.

        (3) If neither party has appealed, the board shall, and the judge may, file a brief not exceeding seven pages within 14 days after the time to appeal has expired, and no reply briefs shall be filed; and

        (4) A brief may be stapled rather than formally bound.

    **(c)    Additional Findings and Filings; Supplemental Record.**

    (1) If the Court desires an expansion of the record or additional findings with respect either to the recommendation for discipline or to the sanction to be imposed, it shall remand the matter to the ~~hearing~~ panel with appropriate directions, retaining jurisdiction, and shall stay proceedings pending receipt of the panel's filing of the additional record.

    (2) The Court may order additional filings or oral argument as to specified issues or the entire matter.

    (3) The Court without remand and prior to the imposition of discipline may accept or solicit supplementary filings with respect to medical or other information, provided that the parties have notice and an opportunity to be heard.

    **(d)    Delay for Further Proceedings.** The Court, on receipt of notice of an additional proceeding before the board involving the same judge, may stay proceedings pending the board's termination of this additional proceeding. In the event that additional

recommendations for discipline of the judge are filed, the Court may impose a single sanction covering all recommendations.

(e) **Decision.** When the ~~hearing~~ panel recommends the Supreme Court impose sanctions under Rule 11(b)(~~3~~2), the Court shall review the record of the proceedings, giving deference to the panel's findings of ~~facts~~, and shall file a written opinion and judgment directing such discipline or other action as it concludes is just and proper. If the judge or board has filed an appeal under Rule 11(d), the Court may accept the recommendation of the panel, or reject or modify it in whole or in part.

(f) **Consideration of Lawyer Discipline.** When the ~~hearing~~ panel recommends the suspension or removal of a judge, the Court shall promptly notify the judge and the Office of Lawyers Professional Responsibility ~~Board~~ and give them an opportunity to be heard in the Court on the issue of lawyer discipline.

\* \* \*

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

## Rule 15. Interim Suspension

\* \* \*

(c) **Review of ~~Permissive~~ Interim Suspension.** Any judge suspended under section (b) of this rule shall be given a prompt hearing and determination by the Supreme Court upon application for review of the interim suspension order.

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1 2016.)

## Rule 16. Special Provisions for Cases Involving Disability

(a) **Proceedings in General.** When it appears that a judge may have a disability as defined in these rules ~~an inquiry alleges facts that could constitute disability~~, the board shall follow the same procedures used with respect to misconduct, except as modified by this rule.

(b) **Initiation of Inquiry ~~Proceedings~~.** The board may initiate an inquiry into a case involving disability:

(1) upon receiving a complaint alleging conduct that may be due to a disability;
(2) when an investigation indicates the alleged conduct may be due to disability; ~~or~~
(3) when the judge asserts inability to defend in a disciplinary proceeding due to a

23

disability;

(4) upon request of the Chief Justice of the Supreme Court; or

(5) upon the board's own motion.

\* \* \*

**(f) Hearing.** Upon issuance of a Formal Statement of Disability Proceeding, a hearing shall be held under Rules 10 and 11 to determine whether there is clear and convincing evidence the judge has a disability. If the board has also filed a Formal Complaint, the ~~hearing~~ panel shall determine whether there is clear and convincing evidence that the judge committed misconduct and whether the misconduct was related to a disability. The panel may exclude the public from portions of the proceedings to hear evidence on psychological or medical materials or other evidence that would not be accessible to the public.

(1) If the ~~hearing~~ panel finds clear and convincing evidence of a disability, the panel may:

    (i)    enter into a deferred disposition agreement as provided in Rule 11(b)(1); or

    (ii)    recommend any of the following actions to the Supreme Court:

      (A) Removal;

      (B) Disability retirement if the disability is or is likely to become permanent;

      (C) Imposition of limitations or conditions on the performance of judicial duties;

      (D) Suspension with or without pay; or

      (E) Any combination of the above actions.

(2) The ~~hearing~~ panel may also impose or recommend a disciplinary disposition with regard to misconduct, if applicable, pursuant to Rule 11(b).

(3) Any disposition of the ~~hearing~~ panel is public.

(4) The board or judge may appeal the decision of the ~~hearing~~ panel as provided in Rule 11(d).

\* \* \*

**(h) Representation by Counsel.** If the judge in any proceeding under this rule is not represented by counsel, the board or, if a ~~hearing~~ panel has been appointed, the presider ~~of the panel,~~ shall appoint an attorney to represent the judge at public expense.

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

**Rule 17. Involuntary Retirement**

    **(a)**    **Procedure.** A judge who refuses to retire voluntarily may be involuntarily retired by the Supreme Court. If attempts to convince a judge to retire voluntarily fail, then

the board shall proceed as provided in Rules 8, 9, 10, and 11. The Supreme Court shall then proceed as provided in Rule ~~13~~14.

\* \* \*

(Amended effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

\* \* \*

## Rule 19. Expungement

The executive secretary shall expunge records as follows:

(a) **Dismissals.** All records ~~or evidence~~ of a complaint where the board did not find reasonable cause to believe the judge committed misconduct or where the board did not find reasonable cause to believe the judge has a disability shall be destroyed ~~three~~four years after the board receives the complaint or authorizes an investigation, whichever occurs first, except that an expungement shall be accomplished by the board's staff no later than two months after the time to expunge the file occurs. ~~If the board receives a new complaint involving the same judge within the three years, the new complaint shall renew the three-year period.~~

(b) **Case Files on Deceased Judges.** All case files on deceased judges shall be destroyed, unless the file reflects a public proceeding concerning the judge, in which case the board may retain the key documents in the file.

\* \* \*

(Added effective January 1, 1996; amended effective July 1, 2009; amended effective July 1, 2016.)

## Rule 20. Use of Allegations from Dismissed Inquiries

(a) **Use of Allegations in General.** Allegations from an inquiry that was dismissed shall not be referred to by the board in any subsequent proceedings or used for any purpose in any judicial or lawyer disciplinary proceeding against the judge, except as provided in this rule. Allegations from a dismissed inquiry may be reinvestigated with permission of the board if, within ~~three~~four years after dismissal, additional information becomes known to the board regarding the inquiry.

(b) **Use of Allegations From Dismissal with Letter of Caution.** Allegations from an inquiry dismissed with a letter of caution may be used ~~within three years after~~

25

dismissal in subsequent proceedings only as follows:

(i)     The fact that the inquiry was dismissed with a letter of caution may not be used to establish the misconduct alleged in a subsequent proceeding. However, the underlying conduct described in the letter of caution may be charged in a subsequent Formal Complaint within four years after dismissal, and evidence in support thereof may be presented to the hearing panel at the public hearing under Rule 10.

(ii)    If the underlying conduct described in the letter of caution is charged in a subsequent Formal Complaint, and the hearing panel finds the judge committed misconduct with respect to the facts underlying the dismissal with letter of caution, the letter of caution may be considered by the panel in determining an appropriate sanction.

(iii)   A letter of caution may be used to show that a judge was on notice that the conduct described in the letter of caution could violate the Code of Judicial Conduct.

(Added effective July 1, 2009; amended effective July 1, 2016.)

\* \* \*

## Rule 23.  Service and Computation of Time.

Service on a party represented by counsel shall be made on the attorney.  In computing any period of time prescribed or allowed by these rules or by order of court, the method of computation specified in Rules 6.01 and 6.05, Minnesota Rules of Civil Procedure, shall be used.

(Added effective July 1, 2016.)

26